CHARLES G. DAVIS *vs.* JAMES WEYMOUTH.

Penobscot. Opinion March 15, 1888.

*Law and equity. Obstructions in a way. Nuisance. R. S., c. 17, § § 5, 12, 13.*

A bill in equity does not lie to obtain the removal of fences, buildings, or other unlawful obstructions, from a public way, or a private way. The statutes of the state provide a full and complete remedy for such a wrong, by an action at law.

ON report.

Bill in equity alleging, among other things, that the defendant obstructed, blocked up and fenced in a large portion of Fourth street in Oldtown, and praying that the defendant may be restrained from so doing. The case was reported to law court on the bill, demurrer and joinder.

*Davis and Bailey*, for plaintiff.

The bill sets out a case where one owning a tract of land lays out a street through the same and sells lots bounded and abutting thereon. Neither the grantor nor any one holding under him has a right to obstruct such a way or deprive the grantee of such abutting lot of the free and unobstructed use of the entire way. *Bartlett* v. *Bangor*, 67 Maine, 460; *Fox* v. *Union Sugar Refinery*, 109 Mass. 292; *Tobey* v. *Taunton*, 119 Mass. 404.

The complainant and defendant are each in occupation of one such lot, lots derived from a common grantor, bounded and abutted by him upon a common way which he had previously laid out. Their lots abut upon said way, on opposite sides of it, directly over against each other; each therefore has an easement in the entire width and length of this way resulting from the purchase, as part of the consideration. *Providence Steam Engine Co.* v. *Prov. & Stoningham Steamship Co.* 12 R. I. 348.

In *Gorton* v. *Tiffany*, 14 R. I. 95, where a strip of land was subject to an easement or servitude before the public acquired rights therein, such easement or servitude was held not to have been extinguished because the public had also acquired rights in the same. And besides where the obstruction of a public way causes special or peculiar damage to an individual he has a right to a personal action on account of the same. *Stetson* v. *Faxon*, 19 Pick. 147; *Brown* v. *Watson*, 47 Maine, 161.

In this case such a right results to complainant from the fact that he is an abutting owner. An abutter has a special interest in the highway different from the general public and can maintain an action for an obstruction thereof. *Corning* v. *Lowerre*, 6 Johns. Ch. 439; *Brakker* v. *Minn. R. R. Co.* 29 Minn. 41; *Railroad* v. *Ruch*, 101 Ill. 157; *Casey* v. *Brooks*, 1 Hill, 365; *Mulhau* v. *Sharp*, 27 N. Y. 611; *Davis* v. *Mayor*, 14 N. Y.

506; *Bechtell* v. *Carslake*, 3 Stockton, 500; *Lahr* v. *Met. Elevated R. R. Co.* (N. Y.) 9 Eastern Rep. 583.

If it was a threatened invasion of the plaintiff's rights, there can be no doubt that an application for an injunction would be proper. High on Injunc. (2 ed.) § 768; Story's Eq. Jur. § 927; *Trustees* v. *Cowen*, 4 Paige, 510.

In a very recent case in Connecticut, *Wheeler* v. *Bedford*, 8 East. Reporter, 508, a suit in equity, where plaintiffs and defendant were adjoining owners of land and dwelling houses fronting on a town common, and defendant undertook to enclose a large part of the common for his own use. A demurrer was interposed on the ground that it was a matter for the public to attend to under the statute, and the court say : " The defendant's main defence against this proceeding is based upon the claim that plaintiffs have adequate remedy at law, arising from the fact that ample provision for the removal of nuisances and encroachments from highways by the public authorities is made in the statutes of the state and the plaintiff can have redress by application to these authorities. But suppose the authorities are unwilling to proceed. They are not bound to redress plaintiff's private grievance. Adequate remedy at law means a remedy vested in the complainant to which he may at all times resort at his own option fully and freely, without let or hindrance."

In *Cadigan* v. *Brown*, 120 Mass. 494, the court say, in a case similar to the one at bar: "The injury to the plaintiffs is permanent and continuous and a judgment for damages would not furnish them adequate relief." See also *Lockwood Co.* v. *Lawrence*, 77 Maine, 312.

In *Creely* v. *Bay State Brick Co.* 103 Mass. 516, which was a suit in equity on account of the erection of a nuisance on plaintiff's land the court say, "It is true that the act of the defendant was a trespass, and would have furnished sufficient ground for an action at law, but it was also an appropriation of plaintiff's land of a continuous and permanent nature, as to which the plaintiff had a right to resort to the prevention as well as remedial power of the court, and to seek for a decree directing the removal of the structure or requiring its discontinuance."

See also upon this point, *Spencer* v. *Burmingham R'y*, 8 Sim. 193 ; *Gorton* v. *Tiffany*, 14 R. I. 95 ; *Hartshorn* v. *Reading*, 3 Allen, 502 ; *Nash* v. *Insurance*, 127 Mass. 91 ; *Tucker* v. *Howard*, 122 Mass. 529 ; *Ewell* v. *Greenwood*, 26 Iowa, 377 ; *Wilson* v. *Saxon*, 27 Iowa, 15 ; *Hingham* v. *Harvey*, 33 Iowa, 204 ; *Wilder* v. *DeCore*, 26 Minn. 10 ; *Engine Co.* v. *Steamship Co.* 12 R. I. 348 ; *Webber* v. *Gage*, 39 N. H. 187 ; *Schault* v. *Blaul*, (Md.) 9 East. Rep. 452.

*Charles P. Stetson*, for the defendant.

WALTON, J. The plaintiff has mistaken his remedy A bill in equity does not lie to obtain the removal of fences, buildings, or other unlawful obstructions, from a public way or a private way. The statutes of the state provide a full and complete remedy for such a wrong by an action at law. Such obstructions are a nuisance (R. S., c. 17, § 5), and any person injured thereby, in his comfort, property, or the enjoyment of his estate, may not only maintain an action against the offender to recover his damages, but he may, in the same action, obtain a warrant for the abatement or removal of the nuisance, unless the defendant will undertake and enter into a recognizance with surety, to abate or remove it himself. And pending the action, the plaintiff may, in proper cases, obtain from the court an injunction to stay or prevent the nuisance. R. S., c. 17, § 12, *et seq.* The remedy thus provided by an action at law is plain, adequate and complete, and there is no occasion for a resort to a bill in equity. *Varney* v. *Pope*, 60 Maine, 192.

> *Demurrer sustained. Bill dismissed with costs.*

PETERS, C. J., DANFORTH, LIBBEY, EMERY and HASKELL, JJ., concurred.